**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bertin VASQUEZ–MARTINEZ,**
**Defendant–Appellant.**

No. 13–50272.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2015.

Filed March 16, 2015.

Jean–Claude Andre, Assistant U.S., Vicki Chou, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Thomas Paul Sleisenger, Law Offices of Thomas P. Sleisenger, Los Angeles, CA, for Defendant–Appellant.

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

MEMORANDUM *

Bertin Vasquez–Martinez was convicted of conspiracy to distribute marijuana, 21 U.S.C. § 846, possession with intent to distribute marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), and possession with intent to distribute marijuana on board a vessel, 46 U.S.C. § 70503(a). He appeals his convictions and sentences, alleging error in exclusion of evidence, incorrect jury instructions, insufficient evidence, and unreasonable sentencing disparity. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1. The district court erred in excluding a United States Naval Observatory 2012 "Rise and Set for the Moon" table from evidence. Because a Border Patrol Agent testified that moonlight enabled him to clearly view a group of men unloading marijuana from a boat, the table was relevant impeachment material. The data in the table was reliable, *see* Fed.R.Evid. 201(b), and courts routinely take judicial notice of such data, *see United States v. Bervaldi,* 226 F.3d 1256, 1266 n. 9 (11th

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.2000); *United States v. Wilson,* 451 F.2d 209, 214 (5th Cir.1971); *Oliver v. Hallett Constr. Co.,* 421 F.2d 365, 367 (8th Cir.1970).

2. To determine "whether evidence erroneously excluded was so important to the defense that the error assumes constitutional magnitude," *United States v. Stever,* 603 F.3d 747, 756 (9th Cir.2010), we analyze the factors in *Miller v. Stagner,* 757 F.2d 988, 994–95, *amended on other grounds by* 768 F.2d 1090 (9th Cir.1985). ·Applying those factors, we conclude that the error in excluding the Naval Observatory table did not prevent Vasquez from presenting a defense and was not of constitutional dimension. *See Chia v. Cambra,* 360 F.3d 997, 1004 (9th Cir.2004) (listing *Miller* factors). The table was not probative of the central issues in the case or relevant to a "major part" of Vasquez's defenses, lack of knowledge and mere presence.

3. We will reverse a conviction for a non-constitutional evidentiary error "only if we cannot say, with fair assurance, . . . that the judgment was not substantially swayed by the error." *United States v. Ramirez,* 714 F.3d 1134, 1139 (9th Cir.) (alteration in original) (citation and quotation marks omitted), *cert. denied,* —— U.S. ——, 134 S.Ct. 288, 187 L.Ed.2d 208 (2013). That is not the case here. Given the totality of the evidence, including Vasquez's arrest among a group unloading marijuana from a boat at a deserted beach in the middle of the night, it is quite unlikely that different verdicts would have ensued had the chart been admitted.

4. The court did not err in refusing a mere presence jury instruction because that "instruction was adequately covered by the instructions given on conspiracy." *United States v. Reed,* 575 F.3d 900, 926 (9th Cir.2009).

5. The court did not err in giving a deliberate ignorance jury instruction. Vasquez claimed to be unaware that the boat was transporting marijuana, and the evidence supported "the inference that [he] knew that there was a high probability that drugs were on the boat but deliberately chose not to confirm that suspicion." *United States v. Ramos–Atondo,* 732 F.3d 1113, 1119 (9th Cir.2013).

6. The evidence was sufficient to support the conviction for possession with intent to distribute marijuana onboard a vessel under a co-conspirator theory. Taken in the light most favorable to the government, the evidence shows that Vasquez participated in the conspiracy at least two days before his arrest, recruited a codefendant into the scheme, knew he was hired to "offload a boat," and was waiting on the beach to unload the panga. *See Pinkerton v. United States,* 328 U.S. 640, 647–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

7. A court may not impose a sentence below the statutory minimum absent a substantial assistance motion from the government or application of the safety valve. *United States v. Biao Huang,* 687 F.3d 1197, 1203 (9th Cir.2012). Here, no such motion was made, and the safety valve in 18 U.S.C. § 3553(f) does not apply to a conviction under 46 U.S.C. § 70503. *See* 18 U.S.C. § 3553(f); *United States v. Gamboa–Cardenas,* 508 F.3d 491, 499 (9th Cir.2007). We therefore decline Vasquez's request to reduce his sentence.

**AFFIRMED.**